THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,      :

                  :
      **Respondent,**        :
                  :
   v.                 :     3:03-CR-32
                  :     (JUDGE MARIANI)
STEVEN FAUSNAUGHT,       :
                  :
      **Petitioner.**         :

## MEMORANDUM OPINION

### I. INTRODUCTION

On July 30, 2007, Petitioner Steven Fausnaught was convicted of conspiracy to

distribute more than 500 grams of methamphetamine and more than 100 kilograms of

marijuana in violation of 21 U.S.C. § 846; several counts of distribution and possession with

intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1); and illegal

possession of a firearm while being a user of controlled substances in violation of 18 U.S.C.

§ 922(g)(3). Doc. 401. On December 29, 2008, Petitioner was sentenced to 292 months in

prison. Doc. 527. Since then, Petitioner has filed several motions to challenge his

conviction and/or sentence, including, for the purposes of the instant motion, a previous 28

U.S.C. § 2255 motion for ineffective assistance of counsel, which was denied on January

16, 2014, and a second 28 U.S.C. § 2255 motion, which is currently pending before this

Court. Doc. 744. Unlike a typical § 2255 motion seeking to vacate or set aside a sentence,

the second § 2255 motion claims that Petitioner's sentence is retroactively eligible for a

"minor role reduction" pursuant to Amendment 794, which amended the commentary to §

3B1.2 (titled "Mitigating Role") of the Sentencing Guidelines. *Id.* at 2-3. For the reasons

stated below, Petitioner's motion will be denied.

## II. FACTUAL BACKGROUND

Petitioner's case has been addressed numerous times by the district court and the

Third Circuit Court of Appeals over the past decade. He was convicted on July 30, 2007 of

several counts related to conspiracy to distribute drugs, including, among other things,

conspiracy to distribute and possess with intent to distribute in excess of 500 grams of

methamphetamine and in excess of 100 kilograms of marijuana. Doc. 401. During the six-

day trial, a law enforcement officer testified that his team seized approximately 15 pounds of

marijuana, various drug paraphernalia used to smoke marijuana, packaging materials, long

rifles, knives, and a number of books related to the growing of marijuana at Petitioner's

home. Doc. 500 at 105. In addition, Petitioner's co-conspirator testified that he had

participated in a conspiracy to distribute methamphetamine with Petitioner, who was his

methamphetamine supplier. Doc. 501 at 145-154. The co-conspirator testified, among

other things, that police officers found about "a pound" of methamphetamine during a

search of his home; that he had received the methamphetamine from Petitioner "just a

couple [of] days before the police executed their search warrant"; that he had been dealing

with Petitioner for about five years; that Petitioner "fronted" him up to two pounds of

methamphetamine at a time, which he then sold to others, and that at the time of his arrest,

he had owed Petitioner approximately $90,000 to $100,000 for the drugs that Petitioner had "fronted" him. *Id.* Furthermore, another witness testified about an audio recording of a phone call involving the Petitioner, who referenced obtaining "zip" on the call, which the witness explained was a slang term for methamphetamine. Doc. 502 at 15. At the end of trial, the jury returned a guilty verdict against Petitioner on all charges. Doc. 401. Petitioner was then sentenced to 292 months in prison, which was the bottom of his advisory sentencing guidelines range. Doc. 527.

On May 20, 2010, the Third Circuit affirmed Petitioner's conviction as well as his sentence. *United States v. Fausnaught*, 380 F. App'x 198, 204 (3d Cir. 2010). On March 20, 2012, Petitioner filed his first § 2255 motion, arguing that he received ineffective assistance of counsel. Doc. 629. The motion was denied on March 1, 2013. Doc. 652. On October 3, 2016, Petitioner filed a second § 2255 motion, arguing that he is retroactively eligible for a sentence reduction because he was a minor participant in the conspiracy to distribute methamphetamine. Doc. 744. The government opposes Petitioner's motion, arguing that the Court lacks jurisdiction because the second § 2255 motion was filed without authorization. Doc. 762 at 4-6. In the alternative, the government contends that even if the motion were analyzed under the merits, Petitioner would not qualify for a "minor role reduction" because the evidence at trial does not support his contention that he played only a minor role in the conspiracy for which he was convicted. *Id.* at 6-8. The motion is now ripe for disposition.

## III. ANALYSIS

A convicted person who is currently imprisoned may petition the sentencing court to correct, vacate, or set aside the sentence under 28 U.S.C. § 2255. The court may only grant relief if it finds "(1) 'that the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'that the court was without jurisdiction to impose such sentence;' (3) 'that the sentence was in excess of the maximum authorized by law;' or (4) that the sentence 'is otherwise subject to collateral attack.'" *Hill v. United States*, 368 U.S. 424, 426–27, 82 S.Ct. 468, 470, 7 L.Ed.2d 417 (1962).

"Before a second or successive § 2255 motion may be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the motion." *In re Olabode*, 325 F.3d 166, 169 (3d Cir. 2003). In determining whether an order shall issue, the court of appeals must find that the successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Thus, a district court lacks subject matter jurisdiction over a successive § 2255 motion without authorization from a court of appeals. *See Lugo v. Zickefoose*, 427 F. App'x 89, 92 (3d Cir. 2011) (affirming denial of § 2255 motion and

4

holding that the district court lacked jurisdiction over petitioner's successive § 2255 motion, given petitioner's failure to obtain prior authorization from the court of appeals).

"When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). In order to determine if referral to the court of appeals is appropriate, the district court should consider whether the petitioner has "alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2255 permitting 'second or successive' petitions based upon newly discovered evidence or a new rule of constitutional law." *Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. 2010) (citing 28 U.S.C. § 2255(h)).

In this case, Petitioner filed a successive § 2255 motion without authorization from the Third Circuit. Thus, the Court is without jurisdiction to decide his motion. In addition, Petitioner has not alleged sufficient facts "within the gatekeeping requirement of § 2255" to warrant a referral to the Third Circuit, since he cites no newly discovered evidence or a new rule of constitutional law in support of his petition. *Id.* Instead, Petitioner's only argument is that he is retroactively eligible for a "minor role reduction" because he did not meaningfully participate in the conspiracy to distribute methamphetamine. Doc. 744. Petitioner bases his argument on Amendment 794 of the Sentencing Guidelines, which took effect on November 1, 2015, approximately eight years after he was sentenced. Amendment 794

5

modified the commentary to U.S.S.G. § 3B1.2, which provides guidance in determining

whether a sentence reduction should apply based on the minor role of the defendant.

In order to request a retroactive application of a change to the Sentencing

Guidelines, the correct procedural posture is to bring a motion under 18 U.S.C. §

3582(c)(2). "Section 3582(c)(2) establishes an exception to the general rule of finality 'in the

case of a defendant who has been sentenced to a term of imprisonment based on a

sentencing range that has subsequently been lowered by the Sentencing Commission....'"

*Dillon v. United States*, 560 U.S. 817, 824, 130 S. Ct. 2683, 2690, 177 L. Ed. 2d 271 (2010)

(quoting 18 U.S.C. § 3582(c)(2)).

"Although the Third Circuit Court of Appeals has not considered whether a district

court may construe a § 2255 motion as one filed under § 3582(c)(2), the Supreme Court

generally has approved of courts ignoring the label that a *pro se* litigant attaches to a motion

and recharacterizing it 'to avoid an unnecessary dismissal, to avoid inappropriately stringent

application of formal labeling requirements, or to create a better correspondence between

the substance of a pro se motion's claim and its underlying legal basis.'" *Mendoza v. United*

*States*, 2017 WL 1293575, at *4 (W.D. Pa. Apr. 6, 2017) (quoting *Castro v. United States*,

540 U.S. 375, 381-82 (2003)). Moreover, because Petitioner is proceeding *pro se*, the

Court should construe his motions "with an eye toward their substance rather than their

form." *United States v. Delgado*, 363 F. App'x 853, 855 (3d Cir. 2010) (citing *United States*

*v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999)). Thus, the Court will construe Petitioner's

6

successive § 2255 motion as a § 3582 motion to modify his sentence.

However, even if considered under the § 3582 framework, Petitioner would not be eligible for a sentence reduction. Section 3582(c)(2) allows for a reduction in the case of a defendant whose sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission...if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "The relevant policy statement permits a reduction of sentence under § 3582(c)(2) only when the amendment that reduces the applicable guidelines range is among those listed in U.S.S.G. § 1B1.10(d)." *United States v. Brown*, 694 F. App'x 62, 63 (3d Cir. 2017) (citing *United States v. Wise*, 515 F.3d 207, 221 & n.11 (3d Cir. 2008)). Thus, if Petitioner's motion relies on an amendment that does not appear in § 1B1.10(d), he would not be eligible for a sentence reduction under § 3582(c)(2).

Petitioner's argument exclusively relies on Amendment 794, which amended the 'mitigating role' reduction section of the Sentencing Guidelines. *Id.* Amendment 794 is not listed in § 1B1.10(d) as one of the amendments that has retroactive effect, and therefore it does not render a defendant retroactively eligible for a sentence reduction. *See, e.g., id.* at 64 ("Brown is not eligible for a sentence reduction, as the Sentencing Commission has not listed Amendments 791, 792, or 794 in U.S.S.G. § 1B1.10(d) as amendments that apply retroactively. Accordingly, the District Court did not err in denying Brown's motion.") (internal citation omitted); *Mendoza*, 2017 WL 1293575, at *4 ("§ 1B1.10(d) lists all the

7

amendments that are eligible for retroactive effect, and Amendment 794 is not listed.

Therefore, the court would not be authorized to [retroactively] reduce petitioner's sentence

based on Amendment 794.") (internal citation omitted); *United States v. Cobb*, 248 F. Supp.

3d 637, 639-40 (E.D. Pa. 2017) ("Amendment 794 is not listed in subsection (d) [of U.S.S.G.

§ 1B1.10]. Accordingly, except in limited circumstances not present here, Amendment 794

does not apply retroactively to form the basis for a reduction of sentence under

§ 3582(c)(2).").

Petitioner cites *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016), a

Ninth Circuit case that applied Amendment 794 retroactively. However, not only is

*Quintero-Leyva* from a court outside of this Circuit, it also did not address Amendment 794

in the context of collateral review, but rather, on direct appeal. *See id.* at 521. n.1 ("This

appeal did not present the issue of whether, under the Amendment, a defendant who has

exhausted his direct appeal can move to reopen sentencing proceedings. We, therefore,

decline to reach this issue."). Thus, Petitioner's reliance upon *Quintero-Leyva* is unavailing

in the face of overwhelming authority from this Circuit. *See United States v. Edmonds*, 2016

WL 5253333, at *5 (W.D. Pa. Sept. 22, 2016) ("Notably, no court within the Third Judicial

Circuit has relied upon the *Quintero-Leyva* case...This Court finds that an amendment to a

comment to a sentencing guideline such as the one at issue here, cannot be applied

retroactively in a Section 2255 collateral attack."); *Cobb*, 248 F. Supp. 3d at 640 n. 3 ("At

least three circuit courts—the Sixth, Ninth, and Eleventh—have held that Amendment 794

8

applies retroactively to defendants whose sentences are still on direct appeal. But, as many

district courts have recognized, those holdings are limited to such defendants; Amendment

794 is not retroactive as to individuals seeking collateral relief.") (collecting cases).

Finally, even assuming *arguendo* that Amendment 794 could have applied

retroactively, Petitioner would not be eligible for a minor role reduction for his participation in

this case. He claims that he "played no role whatsoever in [co-conspirators] Moore and

Sechler's methamphetamine sales." Doc. 744 at 4. In support of this argument, Petitioner

points to a portion of the trial transcript where a government witness testified that he has

never purchased methamphetamine directly from Petitioner:

> Q: You never mentioned that Steve Fausnaught sold you methamphetamine,
> is that correct?
> A: Correct.
> Q: Because he didn't, right?
> A: He never sold me methamphetamine, no.
> ...
> Q: So he never sold you and participated in the methamphetamine, you're
> saying that, right?
> A: Right.

*Id.* (citing Doc. 498 at 147-178). However, this selective citation does not establish

that Petitioner was not involved in a conspiracy to distribute methamphetamine. It merely

establishes that the particular witness has never personally bought methamphetamine from

Petitioner. This isolated portion of testimony is not sufficient to overturn the jury's finding

that, based on the entirety of the record from a six-day trial, Petitioner was a willing and key

participant in the conspiracy to distribute methamphetamine. *See e.g.* Doc. 501 at 145-147,

154 (co-conspirator testifying that he received methamphetamine from Petitioner, who "fronted" him two pounds of methamphetamine at a time, and that he was distributing the methamphetamine he received from Petitioner, to whom he owed $100,000 in exchange for drugs at the time of his arrest); Doc. 500 (July 23, 2007 Trial Tr.) at 135-36 (cooperating witness testifying that he had received methamphetamine from Petitioner's associate, who received it from Petitioner); Doc. 502 at 15 (audio recording of Petitioner on a phone call referencing his efforts to obtain "zip," slang term for methamphetamine, from his supplier).

Furthermore, the Court notes that Petitioner's argument that he had a "minor" role in the conspiracy to sell drugs has already been rejected by the sentencing court. Specifically, Judge Kosik, who presided over the trial, noted at sentencing:

> [t]here's been no objection to the fact that in the presentence report this defendant has been characterized as a mid-level manager [for the conspiracy to sell methamphetamine and marijuana] for a period of 1995 to 2003. He, during that period of time, recruited others into the conspiracy. So that he played no minor role, and there should be no intimation that his role was minor.

Doc. 525 at 35. The sentencing court's characterization of Petitioner's role is further confirmation that Petitioner shared significant culpability in the conspiracy for which he was convicted. Thus, even if the Court were to entertain Petitioner's Amendment 794 argument on its merits, Petitioner would nonetheless fail to qualify for a mitigating role reduction. *See United States v. Atwood*, 2017 WL 3868692, at *3-4 (M.D. Pa. Sept. 5, 2017) (finding that petitioner was not eligible for a minor role reduction pursuant to Amendment 794 when he "served as the 'boots on the ground' for the conspiracy" by "orchestrat[ing] negotiations and

10

phone calls with the government's confidential source on multiple occasions"); *Marte v. United States*, 2015 WL 3440851, at \*3 (D.N.J. May 28, 2015) (finding that petitioner has not established his role was "minor or minimal" due to coercion, when he had merely argued that "the cooperating witness insisted for more than 4 months putting pressure on me to find him some body [sic] that could sell him drugs"); *United States v. Egwuekwe*, 2017 WL 5009100, at \*3 (M.D. Pa. Nov. 2, 2017) (stating in dicta that while petitioner "was not identified as 'having a key leadership or mastermind role in the overall fraud scheme,' [] he did play a key, knowing, and very active role in the mass marketing fraud, and he would not have qualified for a mitigating role reduction").

**Certificate of Appealability**

A Certificate of Appealability may be issued where petitioner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner is entitled to a Certificate of Appealability only when "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Based upon the record and filings in this case, and for the reasons set forth above, the Court finds that reasonable jurists would not find it debatable that Petitioner's second § 2255 motion should be dismissed for lack of jurisdiction. Accordingly, no Certificate of Appealability shall issue in this case.

11

## V. CONCLUSION

For the reasons outlined above, Defendant's second 28 U.S.C. § 2255 motion (Doc. 744) will be denied.[1]  A separate Order will follow.

Robert D. Mariani
United States District Judge

---

[1] Petitioner also brought a "motion for order re: minor role reduction" on February 8, 2018.  Doc. 759.  The motion requests the issuance of a court order with respect to the instant § 2255 motion.  Because the Court will deny the underlying § 2255 motion, Petitioner's "motion for order" will be dismissed as moot.